IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BROZELCO, INC, | ) |
| Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) Removed from the Circuit Court for Blount County, Tennessee, Case No. L-21385 |
| SIEMENS INDUSTRY, INC, | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Siemens Industry, Inc. ("Siemens") hereby gives notice of the removal of the above-entitled action from the Circuit Court for Blount County, Tennessee to the United States District Court for the Eastern District of Tennessee, Knoxville Division pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this Notice of Removal, Siemens states as follows:

1. On November 17, 2023, Plaintiff Brozelco, Inc. ("Brozleco") filed a Verified Complaint and Application for a Temporary Restraining Order (the "Complaint") in the Circuit Court for Blount County, Tennessee, Case No. L-21385, against Siemens.

2. Siemens was served with the summons and a copy of the Complaint, through its registered agent, on November 20, 2023.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this action is attached hereto as **Exhibit A.**

4. Removal is timely under 28 U.S.C. § 1446(b) because it is filed less than 30 days from the date that Siemens was served with a copy of the initial pleadings.

5. This is a civil action that falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446.

## DIVERSITY JURISDICTION

6. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . . .

7. Brozelco is Tennessee corporation with its principal place of business in Blount County, Tennessee. Compl. ¶ 1.

8. Siemens is a Delaware corporation with a principal place of business in Forsyth County, Georgia. *Id.* ¶ 2.

9. Accordingly, it is undisputed that Brozelco and Siemens are citizens of different states and complete diversity exists.

## AMOUNT IN CONTROVERSY

10. In addition to complete diversity, 28 U.S.C. § 1332 also requires that the amount in controversy exceed $75,000.00, exclusive of interest and costs.

11. A notice of removal only has to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sevier Cnty. Sch. Fed. Credit Union v. Branch Banking & Tr. Co.*, 2019 WL 13292900, at *2 (E.D. Tenn. June 12, 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). In the event the amount in controversy is contested, Siemens need only "show by a preponderance of the evidence that the

amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

12. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). With respect to injunctive relief specifically, "the amount in controversy is not the amount the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented." *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970); *1Source Holdings, LLC v. Jackson*, 2020 WL 1809833, at *3 (W.D. Tenn. Apr. 8, 2020) (stating the same and finding amount in controversy satisfied where complaint sought mandatory injunction commanding sale at $0 versus $130,000).

13. The dispute in the instant matter arises out of an Appointed Distributor Agreement (the "ADA") entered into between Siemens and Brozelco on July 7, 2020. Compl. ¶ 6. Under the ADA, Brozelco was designated an authorized distributor of certain industrial automation hardware and software products manufactured by Siemens. *See* Compl., Ex. A, ADA § 1. By letter dated October 20, 2023, Siemens notified Brozelco that it was terminating the ADA "for cause." *Id.* ¶ 8. Consistent with the ADA's requirement for 30 days' notice for termination of the agreement "for cause," Siemens informed Brozelco that the termination would become effective as of November 19, 2023. *Id.* ¶ 8.

14. Brozelco alleges that there was no basis for Siemens to terminate the agreement "for cause" and, thus, that Siemens did not properly terminate the ADA through its October 20, 2023 correspondence. *Id.* ¶¶ 9–10. Siemens seeks both declaratory and injunctive relief with respect to this purportedly improper termination. *Id.* at p. 5.

15. More specifically, Brozelco requests: (1) a "decree that Defendant breached its contract with Plaintiff," (2) a "decree that Defendant intentionally interfered with Plaintiff's contract/or prospective business relationships," (3) a temporary restraining order "restrain[ing] Defendant from, directly or indirectly, terminating the ADA at any time prior to January 14, 2024, at the earliest," (4) following a hearing, a temporary injunction be issued restraining Siemens through a trial on the merits from terminating the ADA, and (5) after a trial, a permanent injunction restraining Siemens from terminating the ADA. Compl. at p. 5.

16. The Circuit Court for Blount County granted Brozelco's requested *ex parte* temporary restraining order on November 17, 2023. *See* Ex. A. However, following a November 21, 2023 hearing, the Circuit Court for Blount County entered an order on November 27, 2023 that dissolved that temporary restraining order. *See id.*

17. With respect to its remaining requests for both temporary and permanent injunctions, the purported "right" that Brozelco seeks to protect is its ability to continue serving as a distributor for Siemens pursuant to the ADA, thereby allowing it to continue reselling Siemens's products to end-user customers. The "value," in turn, of that right is the income that Brozelco could reasonably anticipate receiving, for so long as Siemens is potentially enjoined from terminating the ADA, as a consequence of its ability to continue reselling Siemens's products. *See Acuity Merch. Servs., LLC v. Grubbs*, 2006 WL 8442095, at *3 (E.D. Tenn. July 20, 2006) (noting that district courts in the Sixth Circuit have concluded that the value of injunction enforcing non-compete agreement may be determined by projections based on "profits earned by the employer on business generated by the employee during the period immediately preceding his termination" or "value of the plaintiff's lost revenue"); *see also Berkshire Life Ins. Co. of Am. v. Seaton*, 2013 WL 11480642, at *2 (E.D. Tenn. Feb. 5, 2013) (finding amount in controversy necessarily

included "value of future potential benefit" arising out of insurance policy where party sought to have policy declared invalid).

18. Based on its Complaint's request for permanent injunctive relief, Brozelco seemingly seeks an injunction prohibiting termination of the ADA in perpetuity. *Id.* At a minimum, it seeks injunctive relief restraining Siemens from terminating the ADA until January 14, 2023. *Id.* Regardless of which period of injunctive relief is considered, the value of the purported right that Brozelco seeks to protect through injunctive relief exceeds the required threshold for amount in controversy.

19. As set forth in the declaration of Ryan Wood (attached hereto as **Exhibit B**), the East Region Industrial Sales Manager for Siemens, there are generally two categories of products that distributors such as Brozelco purchase from Siemens for resale: (1) "Digital Industries Products," meaning software-based networked products necessary to deliver digital goods and services, and (2) "Smart Infrastructure Products," meaning products designed to improve manufacturing processes with electrical infrastructure, contact relays, motor control, and circuit protection. Ex. B at 2. Based on historical experience, the average "margin" for distributors with respect to the two categories of products differs slightly. *See id.* As used herein, "margin," means the difference between the price a distributor like Brozelco pays to Siemens and the price that the distributor charges the ultimate end-user customer.

20. With respect to Digital Industries Products, a conservative estimate of the average margin on products falling within that category is 29%. *See id.* For Smart Infrastructure Products, on the other hand, a conservative estimate of the average margin on products falling within that category is 23.5%. *See id.* at 2–3. For illustration purposes, this means that if a distributor purchased a $10,000 product from Siemens then it would be anticipated that the distributor would:

(1) resell that product to an end-user customer for $12,900 (or greater) on average if the product was a Digital Industries Product or (2) resell that product to an end-user customer for $12,350 (or greater) on average if the product was a Smart Infrastructure Product. *See id.*

21. At the same time, unless there is a pricing agreement between Siemens and an end-user customer, distributors can, and in many instances do, resell to end-user customers at prices that yield a higher margin percentage. *See id.* at 3.

22. In fiscal year 2023, Brozelco purchased, on average, $494,728 per month worth of product from Siemens, totaling $5,936,731 for the fiscal year. *See id.*

23. Of Brozelco's $494,728 monthly purchase average for fiscal year 2023, approximately $389,201.27, on average, consisted of Digital Industries Products. *See id.* Thus, using the conservative estimated margin of 29%, it would be expected that Brozelco would realize an average monthly margin of at least $112,868.37 on Digital Industries Products alone. *See id.* at 3–4.

24. The remainder of Brozelco's $494,728 monthly purchase average for fiscal year 2023, approximately $105,526.27, on average, consisted of Smart Infrastructure products. *See id.* at 4. Thus, using the conservative estimated margin of 23.5%, it would be expected that Brozelco would have a monthly margin of at least $24,798.67 on Smart Infrastructure Products. *See id.*

25. Accordingly, a conservative estimate of Brozelco's monthly margin on both Digital Industries Products and Smart Infrastructure Products for Brozelco would be $137,667.04. *See id.*

26. In requesting a permanent injunction mandating that it continue to be a distributor under the ADA, Brozelco is effectively seeking to continuously receive this monthly margin from the resell of Siemens products going forward. Clearly such a perpetual benefit satisfies the amount in controversy requirement.

27. Even if Brozelco's requested injunctive relief is construed as restraining Siemens from terminating the ADA until January 14, 2023, despite the fact that Brozelco specifically requests such injunctive relief through a trial on the merits and after that trial (*see* Compl. at p. 5), the amount in controversy threshold is still met given the conservative estimate of Brozelco's monthly margin being $137,667.04.

28. Accordingly, Siemens has already demonstrated by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000.00.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

29. The United States District Court for the Eastern District of Tennessee, Knoxville Division, is the appropriate court for filing a notice of removal from the Circuit Court for Blount County, Tennessee.

30. Pursuant to 28 U.S.C. § 1446(d), Siemens will file a copy of this notice of removal with the Clerk and Master of the Circuit Court for Blount County, Tennessee and will also provide a copy of this notice to Plaintiff.

WHEREFORE, Siemens respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Blount County, Tennessee to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP


By: /s/ *George H. Cate, III*
George H. Cate, III (#12595)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Tel: 615.244.2582
Fax: 615.252.6380
Email: gcate@bradley.com

*Attorney for Siemens Industry, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via first-class U.S. mail, email, and electronically filed with the Court on the following this 15th day of December, 2023:

James H. Price
Michael R. Franz
249 North Peters Road, Suite 101
Knoxville, TN 37923
jprice@lpwpc.com
mfranz@lpwpc.com

*Attorneys for Plaintiff Brozelco, Inc*